UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL G. KAMIN,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs*. | )   1:13-cv-1593-JMS-DKL<br>) |
| TRAVELERS CASUALTY AND SURETY COMPANY,<br>    *Defendant*. | )<br>)<br>)<br>)<br>) |

## ORDER

On October 4, 2013, Defendant Travelers Casualty and Surety Company ("Travelers") removed this action to this Court. [Dkt. 1.] Travelers did so alleging that this Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. [*Id.*] The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Having reviewed the docket, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

Based on Travelers' allegations, it is unclear whether diversity of citizenship or the amount in controversy is met. In its Notice of Removal, Travelers alleges, "Upon information and belief, and as alleged in the State Court Action Complaint, Kamin is a citizen of the state of Pennsylvania." [Dkt. 1 at 2 ¶ 4.] Travelers similarly alleges that, "upon information and belief," the amount in controversy is "in excess of $75,000, exclusive of costs and interest." [*Id.* at 3 ¶ 7.] As the proponent of federal jurisdiction, the burden rests with Travelers to show by a preponderance of the evidence facts that suggest the Court has diversity jurisdiction, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006), and allegations based on information and belief are insufficient, *America's Best Inns, Inc. v. Best Inns of Abilene, LP*, 980 F.2d 1072, 1074

(7th Cir. 1992). Because of this, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

**Accordingly, the Court ORDERS the parties to file a joint jurisdictional statement by <u>October 21, 2013</u>,** certifying the parties' citizenship and that the amount in controversy, exclusive of interest and costs, exceeded $75,000 at the time of removal. If the parties cannot agree on the parties' citizenship, the amount in controversy, or any other jurisdictional requirement, they are ordered to file competing jurisdictional statements by that date setting forth their positions. A compliant statement will relieve Plaintiff of his obligations under Local Rule 81.1.

10/08/2013

                                      *[signature: Jane Magnus-Stinson]*
                                      Hon. Jane Magnus-Stinson, Judge
                                      United States District Court
                                      Southern District of Indiana

**Distribution via ECF:**

Christopher J. Braun
PLEWS SHADLEY RACHER & BRAUN
cbraun@psrb.com

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN
ggotwald@psrb.com

Sean M. Hirschten
PLEWS SHADLEY RACHER & BRAUN
shirschten@psrb.com

Kenneth C. Newa  
PLUNKETT COONEY, PC  
knewa@plunkettcooney.com