UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL G. KAMIN, | ) |
| Plaintiff, | ) |
| vs. | ) |
| TRAVELERS CASUALTY AND SURETY COMPANY formerly known as THE AETNA CASUALTY AND SURETY COMPANY, | ) |
| Defendant. | ) |
| _____ | ) No. 1:13-cv-01593-JMS-TAB |
| TRAVELERS CASUALTY AND SURETY COMPANY formerly known as THE AETNA CASUALTY AND SURETY COMPANY, | ) |
| Third Party Plaintiff, | ) |
| vs. | ) |
| KAMIN REALTY COMPANY, DANIEL G. KAMIN EASTBROOK ENTERPRISES, | ) |
| Third Party Defendants. | ) |

## ORDER TO FILE AMENDED THIRD-PARTY COMPLAINT

On April 7, 2014, Defendant Travelers Casualty and Surety Company ("Travelers") filed a Third-Party Complaint against Kamin Realty Company ("Kamin Realty") and Daniel G. Kamin Eastbrook Enterprises ("Kamin Trust"). [Filing No. 21.] Travelers asserts that this Court has diversity jurisdiction over its third-party claim and also has jurisdiction under the Declaratory Judgment Act. [Filing No. 21 at 2-3.] Although the Court has already accepted the parties' representations regarding its diversity jurisdiction over the underlying claim, [Filing No.

10], the jurisdictional propriety of Travelers' third-party claim must be "assessed individually." Caterpillar Inc. v. Lewis, 519 U.S. 61, 67 (1996) ("Once federal subject matter jurisdiction is established over the underlying case between plaintiff and defendant, the jurisdictional propriety of each additional claim is to be assessed individually.") (citation omitted). For the following reasons, Travelers' jurisdictional allegations are insufficient to establish this Court's jurisdiction over its third-party claim.

First, Travelers asserts that this Court has subject matter jurisdiction over its third-party claim pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201. "[T]he Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction," and requires an "independent basis for jurisdiction." Wisconsin v. Ho-Chunk Nation, 512 F.3d 921, 935 (7th Cir. 2008). Thus, this Court does not have jurisdiction over Travelers' third-party claim simply because Travelers seeks a declaratory judgment.

Second, Travelers asserts that this Court can exercise diversity jurisdiction over its third-party claim. Although Travelers correctly pleads jurisdictional allegations for itself and Kamin Realty, the jurisdictional allegations for Kamin Trust are deficient. Travelers alleges that "[t]he Kamin Trust is a Pennsylvania business trust with its principal place of business in Pittsburgh, Pennsylvania." [Filing No. 21 at 2.] But for purposes of diversity jurisdiction, "the citizenship of a trust is the citizenship of its trustee," and the trustee is not always clear. See Guar. Nat. Title Co., Inc. v. J.E.G. Associates, 101 F.3d 57, 59 (7th Cir. 1996) ("Who is the trustee of the Jeffrey J. Cohen 1989 Irrevocable Family Trust? Cohen (a 'resident' of Massachusetts)? A trust company? A bank? A brokerage house? A family friend? Might there be multiple trustees? The parties' joint statement is uninformative and therefore tells us nothing about the citizenship of the trust.); see also White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc., 647 F.3d 684,

686 (7th Cir. 2011) ("Businesses organized as trusts don't have their own citizenship; they take the citizenship of the trustee (or citizenships, if there are multiple trustees)."). Accordingly, Travelers has not properly pled the citizenship of Kamin Trust to establish diversity jurisdiction.

It is possible that the Court has supplemental jurisdiction over Travelers' third-party claim, since Travelers' allegations suggest that its claim arises out of the same case or controversy as the underlying claim. 28 U.S.C. § 1367. But Travelers does not allege that supplemental jurisdiction is present over its third-party claim, and the Court will not make jurisdictional assumptions, given its independent duty to assure itself that jurisdiction over a claim is secure. *Eke v. Mukasey*, 512 F.3d 372, 376 (7th Cir. 2008).

For these reasons, the Court **STRIKES** Travelers' Third-Party Complaint, [Filing No. 21], and **ORDERS** it to file an Amended Third-Party Complaint by **April 15, 2014**, properly pleading a basis for this Court's jurisdiction over that claim. The third-party defendants shall answer or otherwise respond to Travelers' Amended Third-Party Complaint as contemplated by the Federal Rules of Civil Procedure. The parties are cautioned to carefully respond to Travelers' jurisdictional allegations to avoid this Court having to issue a third jurisdictional entry in this case.

Additionally, Travelers suggests that its name is actually The Standard Fire Insurance Company. [Filing No. 21 at 1.] The parties should conduct whatever investigation is necessary and file a joint motion to correct Travelers' name, should such correction be necessary.

**Distribution**:

Christopher J. Braun
PLEWS SHADLEY RACHER & BRAUN
cbraun@psrb.com

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN
ggotwald@psrb.com

Sean M. Hirschten
PLEWS SHADLEY RACHER & BRAUN
shirschten@psrb.com

Shannon L.H. Phillips
PLUNKETT COONEY
sphillips@plunkettcooney.com

Kenneth C. Newa
PLUNKETT COONEY, PC
knewa@plunkettcooney.com